UNITED STATES DISTRICT COURT
DISTRICT OF MINNSOTA

Michael Pittman,[1]                                    Case No. 11-cv-3658 (PJS/TNL)

      Plaintiff,

v.                                                                **ORDER**

Lori Swanson *et al.*,

      Defendants.

This matter is before the Court on Pro Se Plaintiff Michael Pittman's Motion for the Appointment of Counsel, ECF No. 35. Plaintiff is currently civilly committed to the Minnesota Sex Offender Program. Plaintiff requests the appointment of counsel, stating that he is unable to afford counsel; has limited knowledge of the law; has limited access to legal materials due to his civil commitment; and is otherwise ill-equipped to adequately present his case.

"In civil cases, there is no constitutional or statutory right to appointed counsel." *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam); *accord Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (same). Rather, "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). "The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to

---

[1] The Court appreciates that Plaintiff legally changed his name since filing this action. ECF No. 20 at 4 n.2 (noting name change). There has been no request, however, to amend the case caption to reflect this change.

1

investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794; *accord Ward*, 721 F.3d at 942. "The court has a good deal of discretion to determine whether representation is warranted given the nature of the case and the litigants." *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011); *see Trotter v. Lawson*, 636 F. App'x 371, 373 (8th Cir. 2016) (per curiam).

First, Plaintiff's filings to date demonstrate his ability to articulate his position to the Court and a basic understanding of legal procedure, including filing motions as a means of seeking relief from the Court. *See Ward*, 721 F.3d at 943. Plaintiff asserts that he has "very limited access to legal materials." Pl.'s Mem. in Supp. at 5[2], ECF No. 36. Plaintiff's memorandum in support of the instant motion, however, contains citations to and a discussion of numerous legal authorities.

Second, the factual and legal issues remaining in this litigation do not appear any more complex than other civil-rights matters routinely brought before this Court. Notably, to the extent Plaintiff asserts that this matter is complex based on any claims related to a failure to provide treatment, the constitutionality of the Minnesota Civil Commitment and Treatment Act, or the absence of less restrictive placement alternatives, such claims were previously dismissed from this litigation. *See, e.g.*, ECF No. 20 at 14-15, 31-32, 34-35, 40-41; *see generally* ECF No. 26 (adopting Report & Recommendation).

---

[2] The Court uses the page numbers generated by the Court's electronic filing system.

2

Third, while Plaintiff has generally asserted that his present commitment impedes his ability to discover the relevant facts, Plaintiff has not identified the need for and inability to obtain certain specific discovery in this matter as related to the remaining claims in this case. *See Trotter*, 636 F. App'x at 373. In a similar vein, Plaintiff is reminded that while the Court has granted him permission to proceed *in forma pauperis* ("IFP"), "the granting of IFP status exempts litigants from filing fees only. It does not exempt litigants from the costs of copying and filing documents; service of documents other than the complaint; costs; expert witness fees; or sanctions." *Porter v. Dep't of Treasury*, 564 F.3d 176, 180 n.3 (3d Cir. 2009) (citations omitted); *see Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993) ("There is no provision in [28 U.S.C. § 1915] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant."). "[N]othing in the IFP statute requires the Court to pay a party's discovery costs." *Janetta v. Minn. Dep't of Human Servs.*, No. 19-cv-2622 (ECT/TNL), 2020 WL 4593816, at *1 (D. Minn. Aug. 11, 2020) (citing *Mays v. Sherburne Cty. Jail*, No. 20-cv-506 (PAM/KMM), 2020 WL 4218806, at *4 (D. Minn. July 23, 2020)). IFP status "does not include the right to receive funds from the court to pay discovery or other costs relating to a pro se litigant's case." *Lightfeather v. Osborn*, No. 4:20CV3118, 2021 WL 107141, at *3 (D. Neb. Jan. 12, 2021), *appeal dismissed*, No. 21-1646, 2021 WL 4240975 (8th Cir. Apr. 1, 2021).

The Court appreciates that Plaintiff's civil commitment and lack of a formal legal education present certain challenges to self-representation. In *Patterson v. Kelley*, 902 F.3d

3

845 (8th Cir. 2018), the Eighth Circuit Court of Appeals considered whether the district court abused its discretion in denying a prisoner's request for appointment of counsel in a § 1983 action against state prison officials. On appeal, the prisoner argued that counsel should have been appointed because: (1) "as an inmate, he was unable to interview witnesses and secure relevant information"; (2) "his inartfully worded interrogatories allowed defendants to give evasive answers"; and (3) "'this [wa]s complex litigation' requiring the assistance of counsel because the case involve[d] administrative regulations and government funding issues." *Patterson*, 902 F.3d at 850.

The Eighth Circuit held that "[n]one of these grounds are sufficient to show an abuse of discretion" by the district court. *Id.* The Eighth Circuit also observed that, "given that most indigent prisoners will face similar challenges in bringing § 1983 claims, a finding that the district court abused its discretion on these bases would be tantamount to recognizing a right to appointed counsel for indigent prisoners in such cases. This we refuse to do." *Id.* The Court fully recognizes that Plaintiff is not a prisoner, but the Eighth Circuit's reasoning is equally applicable in the instant case.

[Continued on next page.]

Accordingly, for the reasons stated above, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel, ECF No. 35, is **DENIED WITHOUT PREJUDICE**.  The Court will, however, direct the Clerk of Court to provide Plaintiff with a copy of the Court's Pro Se Civil Guidebook, a resource for litigants like Plaintiff who are representing themselves.

Date: April__13__, 2023                              _____*s/ Tony N. Leung*_____
                                                                        Tony N. Leung
                                                                        United States Magistrate Judge
                                                                        District of Minnesota


                                                                        *Pittman v. Swanson et al.*
                                                                        Case No. 11-cv-3658 (PJS/TNL)