RECEIVED BY MAIL
APR 27 2023
CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Case Type: Other Civil
Court File No.: 11-3658
U.S. District Court Judge: (SRN/TNL)

-------------------------------------x

*Maikijah Ab'Dul Ha'Keem F/K/A,*
*Michael Pittman,*

       Plaintiff,

v.

*Lori Swanson* et al.,
in the individual and official capacities,

       Defendant.

-------------------------------------x

**Plaintiff's Motion to Not Dismiss the Complaint and Memorandum of law**

**TO:** United States District Court Office of the Clerk, U.S. Courthouse, Suite 202, 300 South Fourth Street Minneapolis, MN. 55415 and; Keith Ellison, Attorney General's Office 445 Minnesota Street, Suite 1800 St. Paul, Minnesota 55101-2134

## MEMORANDUM OF LAW

**PLEASE TAKE NOTICE,** that the above named Plaintiff, through Plaintiff's own hand hereby, Object's to the Assistant Attorney General, and Defendants dishonest position that plaintiff of the other African American Citizens the court cites are not entitled to protections under the Fourteenth Amendment and the Supreme Court holding under *Youngberg v. Romeo*.

This objection is premised on the following grounds and Memorandum of Law. Opposing Counsel is asking the court for an "Alice in Wonderland" like reading of the law to avoid the *Youngberg* analysis and the "special relationship" duties that are not just created by state law but by the State's constitutional duty and legitimate government interests to apply civil commitment civilly, not criminally.



Page 1 of 12

"When *I* use a word," **Humpty Dumpty said**, in rather a scornful tone, "*it means just what I choose it to mean -- neither more nor less.*" "*The question is,*" **said Alice**, "*whether you can make words mean so many different things.*" "*The question is,*" **said Humpty Dumpty**, "<u>*which is to be master -- that's all*</u>." Lewis Carroll, *Through the Looking Glass.*

Much like "Alice in Wonderland" cited above, we now have the Defendants Counsel try to shift the burden of liability to make the word "***precluded***" mean in their motion that they are not responsible for over 15 years of harm and injury that they have contributed too because it was poorly represented by *Karsjens v. Harpstead*, D. Minn. 11-cv-03659 (DWF/TNL), under the "could have" doctrine.

What makes this case "***precluded***", or is it just because Counsel, considers himself "*to be master - that's all*". You simply cannot take custody of a child (for example a civilly committed citizen such as plaintiff) and throw him in a snake pit and not claim responsibility of the foreseeable harm. Even the Great State of Minnesota cannot do that, not without being liable to the harm defendants are causing.

The Assistant Attorney General, makes great legal arguments in his Memorandum and is a great lawyer. Counsel is probably one of the best lawyers that the Minnesota Attorney General's Office has employed. However when you are granted unfettered access to misrepresent facts and engage in dishonest litigation for years merely because the court considers counsel "*to be master - that's all*", it would be a miscarriage justice to allow the State's legal position to go unchecked.

That's why the United States Department of Justice has such a vested interest in this case. And the latest 8th Circuit Court of Appeals argument by *Karsjens* class counsel Dan Gustafson supports why this case should not be dismissed. The Assistant Attorney General, made legal arguments in his Memorandum of law that intentionally omit the *Youngberg* analysis plaintiff is entitled to. That's correct, throughout his entire legal rambling he incorrectly and dishonestly cites *Karsjens/Youngberg* arguments

to take one free shot at the constitutional rights of civilly committed African Americans at the MSOP program while that case is being decided on appeal. For some reason the African American population who are not being represented by Gustafson Gluek have all been packed up in federal court to be dismissed under *Pittman v. Swanson* et al., No. 11-cv-3658 (PJS/TNL), ECF no. 29; *Carey v. Swanson* et al., No. 11-cv-3711 (PJS/TNL); *Taylor v. Swanson* et al., No. 11-cv-3728 (PJS/TNL), ECF No. 32; *McMoore v. Swanson* et al., No. 12-cv-318 (PJS/TNL), ECF No. 28., why? Why is nobody protecting the human rights of the African American population and making this available for the court to assess under the *Youngberg* holding.

Plaintiff alleges that because he is a poor person and person of color that lives below the poverty line, he cannot afford to gain access to the United States District Court to prove his case of race based discrimination in violation of the Fourteenth Amendment, with a medical expert or a hired federal civil rights attorney.

Plaintiff has evidence that because he is a person of color from the Black community, in reference to the nationality of his ancestors, he is suffering a massive curtailment of his liberty. Something the Fourteenth Amendment was designed to protect.

That plain evidence clearly suggests that the Gustafson Gluek law firm has the appearance of racial bias who fail to represent and argue the unique harm and injury that the African American population is suffering in the *Karsjens* class action. What makes this case so complex and political is that plaintiff is not legally trained to compose such a scholarly written complaint to defend the racial disparities in this entire process. However if this court did a cursory review of the *Karsjens* class action files it would find that there has not been any medical or expert evidence in that case to even defend the minority population.

Opposing counsel cites Judge Frank's *Bell* legal analysis that he "held that the conditions of confinement and MSOP policies and procedures at issue were not unconstitutional or otherwise illegal. *Id*. While playing fast and loose Counsel, then omits the United States Department of Justice position and fact that Judge Frank "mistakenly" tethered his ruling to *Bell* rather than *Youngberg*. It appears Counsel is trying to do the exact same thing as Judge Frank did but make no mistake about it; it is no mistake but an act of bad faith by opposing counsel to misrepresent *Youngberg*. This was a calculated and a tactical shell game to mock these court proceedings in hopes of "stonewalling" any relief with no checks or balances into his misconduct.

What counsel fails to articulate is, his legal duty flows from legal holding of *Youngberg* to this court. *Youngberg* is supreme law of the land, but counsel would like this court to believe otherwise and look the other way, because he considers himself "*to be master - that's all*".

The *Karsjens* case is one, where the *Gustafson Gluek* law firm failed to adequately represent and protect the class under the *Youngberg* standard and counsel make this argument to the Eighth Circuit. Plaintiff believes the *Youngberg* standard exposes how defendants are not even forensically trained or qualified to exercise qualified professional judgment, in civil commitment matters but has not stated acclaim for it. This is something that only a professionally trained civil rights attorney can do to protect the Fourteenth Amendment rights in question and make this a win/win situation for everyone. Unless this court has the courage to "tether" its analysis to declare in this case that defendants and the State of Minnesota are in violation of the double jeopardy clause.

Counsel's entire Memorandum of law is *a race to the courthouse* for a tactical advantage to omit *Youngberg*. Coupled with the *Gustafson Gluek* law firm failing to even instruct the court under *Youngberg* to protect plaintiff, *Ha'Keem* is substantially burdened and prejudiced by the politics of this

case and Opposing Counsels actions. The *Gustafson Gluek* law firm failed to instruct the court, the rights in question under *Youngberg*, and opposing counsel knows this because he is arguing this on appeal. Not only was it the *Gustafson Gluek* law firm's duty, it is also the prosecutor's legal duty to disclose that exculpatory evidence under *Youngberg*. Not lay in the weeds for a tactical advantage. ***see***[1]

Even when the Eighth Circuit ordered Judge Frank and the *Gustafson Gluek* law firm to complete the **Totality of the Circumstances** analysis to resolve the *Karsjens* case. The *Gustafson Gluek* law firm attempted to intentionally blunder and oppress the victim in this case again by asking Judge Frank to allow them to Amend the complaint for a Fourth time. This failed as a matter of law. Why?

The Fourteenth Amendment violations are so deeply entrenched into defendant's deliberate actions to keep Plaintiff oppressed, that as a result, the Department of Justice had to currently intervene in the *Karsjens* class action civil rights case, Appellate Case 22-1459, by way of *Amicus Curiae* In Support of Plaintiffs, Entry ID: 5173536. Arguing; *"The United States and the Department of Justice has a substantial interest in ensuring courts properly apply the Fourteenth Amendment in this context."*

Therefore, the legal question that looms over this court is whether if this court can protect the Plaintiff's rights, in light of the Department of Justice's position and political climate? The DOJ claims this federal court (by way of Judge Donovan Frank) "mistakenly" tethered his ruling to *Bell*, rather than *Youngberg*.

---

[1] *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). "Brady does not apply in civil cases except in rare situations, such as when a person's liberty is at stake." *Brodie v. Dep't of Health and Human Servs.*, 951 F. Supp. 2d 108, 118 (D.D.C. 2013); see also *Demjanjuk v. Petrovsky*, 10 F.3d 338, 354 (6th Cir. 1993) (applying *Brady* in civil proceeding since "[t]he consequences of denaturalization and extradition equal or exceed those of most criminal convictions"). One court has concluded, as a matter of first impression, that *Brady* governs **civil commitments of sex offenders** under 18 U.S.C. 4248 because that provision threatens individuals with "*immediate deprivation of liberty interests they are currently enjoying.*" *United States v. Edwards*, 777 F. Supp. 2d 985, 996 (E.D.N.C. 2011); see also *United States v. Ebel*, 856 F. Supp. 2d 764, 766 (E.D.N.C. 2012) (adopting Edwards analysis of *Brady*)

As a result, Plaintiff is asking this court for the protections under the holding of *Youngberg*, for the legitimate exercise of qualified professional judgment as to Mr. Ha'Keem's proper level of care. Plaintiff has suffered over 15 years of institutionalized neglect in "civil commitment" that was not the legitimate exercise of qualified professional judgment, and defendants continue to remain *deliberately indifferent* to protecting those interest in violation of the Fifth and Fourteenth Amendment.

Defendants are just as culpable as the County defendants in this case. All have a legal duty and should share the shame it partook in the institutionalized neglect and deliberate failure to enrich Mr. Ha'Keem's life for over 15 years. Defendants cannot present one shred of evidence that they even intend to enrich Mr. Ha'Keem's life whatsoever. Opposing counsel and Defendants merely offer bumper sticker slogans and empty promises to enrich Mr. Ha'Keem's life, must fail as a matter of law.

Throughout the fifteen year period of Ha'Keem's commitment defendants contest and object to transferring him to his proper level of care that Mr. Ha'Keem is entitled to. Especially being on "notice" from the *Karsjens* class action that plaintiff is currently being seriously harmed and injured at the Moose Lake MSOP program, today.

If proven true, the allegations in the complaint, support the fact that civil commitment has become an assault of our democracy with no checks or balances. The only thing difference between what happen to the killing George Floyd by Minneapolis Police Officer and no body helping him is that these Black folks in MSOP do not have access to social media to even exploit what's going on here.

Is that by design to keep the Black population silenced and oppress so that we cannot cry out for help for social justice. Why do third world countries and prisoners get access to social media to expose outrageous government misconduct. But American's, actual United States citizens are unable to access social media at MSOP and the media to expose this outrageous public corruption scandal occurring in

Minnesota under its civil commitment "scheme". The State is locking up human beings without a mental illness and lying to the public about a level of dangerousness that requires detention, is by all means a government conspiracy, being orchestrated by the opposing counsel and our State government. How is someone considered behind closed doors in your halls of justice an enemy of the state to defend those claims without appointment of counsel? At any event plaintiff will do his best, because truth fears nothing but concealment...

Therefore plaintiff objects to the Memorandum for the following reasons;

## I. PLAINTIFF'S OFFICIAL CAPACITY CLAIMS ARE <u>NOT</u> BARRED BY CLAIM PRECLUSION.

### A. Causes of Actions 1-4, 6-12, 15, and 17 Are Barred Because they Were Dismissed in *Karsjens*.

The crux of the courts analysis must flow from the *Totality of Circumstances* and the holding in *Youngberg*. Therefore, plaintiff objects to the Defendants Memorandum of law.

As the Supreme Court made clear some time ago in *Youngberg*, it is not appropriate for this court to determine what treatment if any, Plaintiff should receive. Rather, it is this court's duty to ensure that, however Counsel chooses to treat Plaintiff, the choice must be based on the *exercise of professional judgment* -- weighing the defendant's interest to protect Plaintiff's interest in <u>minimally adequate treatment</u>. In addition, when all the qualified professional opinion expressed to a court is that a patient should be treated in a certain manner, and Opposing Counsel has not presented a shred of evidence or forensic training that it is *professionally acceptable* to treat a plaintiff in a different manner, (**lack of funding is not a defense**), it is appropriate for a court to Order the Defendant to treat Plaintiff in accordance with the legitimate exercise of qualified *professional judgment*, and place him in his proper level of care.

The *Karsjens* 706 experts have already made this abundantly clear, that many clients at MSOP (including Ha'Keem) are not in their proper level of care. Something this court and counsel should be protecting as it applies to the Fourteenth Amendment. And the legitimate exercise of government objectives. Otherwise, the State will be allowed to use civil commitment as not only a weapon of oppression but conspire to deprive federal rights under the guise of providing "treatment".

Shockingly, even destroying over 15 years of Mr. Ha'Keem's life with punitive detention was not good enough. The State, Opposing Counsel and Defendants had to be sure that it was done in the most evil and most punitive way that it could possibly get away with. Yes, *a de facto life* sentence was not good enough for counsel and defendants to inflict upon plaintiff. But to punish him for life until he dies is something so outrageous and shocking to the constitution one cannot put it into any other colorful words that would move this court. Those are just simply the facts.

**Counsel's Misrepresentation of Facts**

As set forth below, Counsel and Defendants malicious position does not even *pass the straight face test*, in fact has the appearance of Rule 11 violations for bad faith and frivolous litigation. Counsel and Defendants filed the objection for an improper purpose, such as to harass or to cause an <u>unnecessary delay</u>, violates (Rule 11); *Mercury Air Group, Inc., v. Mansour*, 237 F.3d, 542, 548 (5th Cir. 2001); *Sheets v. Yamahas Motors Corp.*, 891 F.2d. 533, 538 (5th Cir. 1990). Specifically, the Attorney's evasive response and frivolous pleadings, was done with the malicious intent to keep plaintiff unlawfully oppressed under the guise of treatment for lifelong hospitalization because he considers himself "*to be master - that's all*". In <u>Youngberg v. Romeo</u>, <u>457 U.S. 307</u>, 321-22, <u>73 L. Ed. 2d 28</u>, 102 S. Ct. 2452 (1982) ("Persons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish.")

Something like civil commitment litigation that is so political and complex should come with severe sanctions because opposing counsel is using civil commitment as a weapon of oppression.

For instance Opposing Counsel and Defendants evasive response and frivolous pleadings, appear to be done with the malicious intent to keep plaintiff unlawfully oppressed under the guise of 'treatment' for lifelong hospitalization.

For these reasons the court should be vigilant and appoint counsel from out of state to deter the assistant attorney general from misrepresenting and delaying these proceedings, court appointed counsel can better manage and protect the integrity of the court process. After 15 years of government oppression it's just not about opposing counsel *stonewalling* these proceedings anymore. But at what point does this misconduct become an actual criminal conspiracy to deprive Mr. Ha'Keem his federal rights under color of law to oppress him? At what point do these civil rights violations encroach the congressional enactment of title 18 §241? When can Mr. Ha'Keem tell his story and inform the public of what can happen when state officials like opposing counsel have no checks or balances. Therefore under these *extraordinary circumstances* the court should appoint counsel from out of state to conclude this case or stay it pending *Karsjens*.

### B. The Prior Judgment Was Not Rendered by a Court of Competent Jurisdiction.

As set forth above, *Karsjens* was dismissed based on *Bell*, not by the Supreme Law of Land holding in *Youngberg*. Therefore the defendants characterization of the so-called 'court of competent Jurisdiction', fails as a matter of law.

### C. *Karsjens* Did Not Render a Final Judgment on the Merits.

As set forth above, *Karsjens* was dismissed based on *Bell*, not by the Supreme Law of Land holding in *Youngberg*. Therefore the defendants characterization of the Final Judgment on the Merits, fails as a matter of law.

### D. The Same Cause of Action and Same Parties or Their Privies Were Involved in Both Cases.

As set forth above, *Karsjens* was dismissed based on *Bell*, not by the Supreme Law of Land holding in *Youngberg*. Therefore the defendants characterization of the Same Cause of Action and Same Parties Were Involved, fails as a matter of law.

### 1. Defendant Mischaracterizes to The Court that *Karsjens* is resolved, especially when the United States has a substantial interest in ensuring courts properly apply the Fourteenth Amendment in this context.

The Eighth Circuit Court of Appeals directed the district court to assess "the totality of the circumstances of [plaintiffs'] confinement." *Id.* at 1054. (citation omitted). However on remand, the district court only applied *Bell* and rejected plaintiffs' claims. Then because of the seriousness of the lives that are at stake here. The United States by way of the Department of Justice had to file an Amicus brief asking the Eighth Circuit to address the following question: Whether the district court erred by failing to tailor its *Bell* analysis to the civil commitment context, consistent with *Youngberg*, or to properly consider the full circumstances of plaintiffs' confinement;

*Bell v. Wolfish*, 441 U.S. 520 (1979)
*Youngberg v. Romeo*, 457 U.S. 307 (1982)
*Karsjens v. Lourey*, 988 F.3d 1047 (8th Cir. 2021)

As cited above this holds true for the other political prisoners and the victim in this case who is being unconstitutionally detained for certain punishment and for many already, a certain death, under the guise of "treatment" when opposing counsel knew it was a sham.

Therefore the Cause of Actions before the court such as, Failure to Provide Treatment; Unreasonable Restrictions on Free Speech; Unreasonable Searches and Seizures and Invasion of Privacy; Denial of Right to Liberty; Denial of the Right to Religion and Religious Freedom; Denial of Less Restrictive Alternative; Cruel and Unusual Punishment; The Right to Be Free From Double Jeopardy; Denial of Due Process in Violation of the 14th Amendment and **Conspiracy to Deny Due Process**; and Obligation of Contracts, still survives under the *totality of the circumstances* of [plaintiffs'] confinement under *Youngberg* in this case. That outcome holds true in this matter.

### 2. Defendant Mischaracterizes that Plaintiff was a Plaintiff in *Karsjens* and the Defendants were either defendant in that case or are in privity.

As cited above, Counsel is asking this court for an Alice in Wonderland like reading of the rights in this case because he considers himself "*to be master - that's all*". Well let's see if political prisoners are not allowed to access any state court for relief because of who they are. And now Counsel is asking this federal court to ignore the Department of Justice and fence the case to be dismissed on the grounds of *Wickner*, 2019 WL 3976203, at *4 (dismissing claims based on MSOP policies contested in *Karsjens* as barred by claim preclusion) (citing *Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 874 (1984)), it would cause unnecessary delay. Defendants (the "Karsjens/*Ha'Keem* Defendants") were also named defendants in *Karsjens* in their official capacities. Therefore they, like Plaintiff are not parties to both *Wickner/Karsjens* actions in the context of *Youngberg* and Injunctive Relief as to level of care.

Counsel makes frivolous arguments in his Memorandum claiming plaintiff had his "day in court." This argument is a nonsensical fallacy that should require sanctions against the attorney for blatantly lying to this court and then signing the documents to misrepresent facts. See Rule 11

And yes, as a victim he is entitled to a 'second bite of the apple' since the Karsjens court abused its discretion to protect the rights in question under *Youngberg. See, e.g., Gov't of Ghana v. ProEnergy*

*Servs.*, LLC, 677 F.3d 340, 344 (8th Cir. 2012) (observing "appellate review of a district court's discovery rulings is both narrow and deferential," and will not be reversed "absent a <u>gross abuse of discretion</u> resulting in fundamental unfairness in the trial of the case" (internal alterations and quotation marks omitted)). Especially when a higher court such as the Eighth Circuit specifically instructed a lower court like the District of Minnesota to use the analysis under the ***totality of the circumstances*** of [plaintiffs'] confinement, but failed to do it under the *Youngberg* analysis is something more than just Abuse of Discretion.

For all the reasons cited above and with respect for the constitution, this court should consider the appointment of counsel motion, to help plaintiff amend the complaint since it has been stayed for so long. The court should not dismiss the civil rights complaint.

Pursuant to penalty of perjury and
**28 U.S.C. § 1746**, I swear the foregoing
is true and correct to the best of my
knowledge and ability. **EXECUTED**
On this **24th day** of **April 2023**

Respectfully Submitted,

Maikijah Ab'Dul Ha'Keem
1111 Hwy 73
Moose Lake, MN 55767

Word count: 3,739